Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED

# UNITED STATES DISTRICT COURT

2022 NOV -7 PM 2: 58

for the

District of

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Division

Larry Taylor, Rian King and Lataevyon Taylor

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

(to be filled in by the Clerk's Office)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

Jury Trial: *(check one)* ☑ Yes ☐ No

-v-

Monverdi Academy (Athens Insurance)
Kasey Kesselring, David Roth, Kevin Boyle
Ben Wisniewski

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Lataevyon Taylor, Rian King & Larry Taylor |
| Street Address | 5016 S. Prairie Ave   F11 |
| City and County | Chicago   Cook |
| State and Zip Code | ILLINOIS   60615 |
| Telephone Number | 773 797 1394(a)   773-571-3071 (27) |
| E-mail Address | riank23@yahoo.com, Itaylor1111@yahoo.com |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name Montverde academy / Athens Insurance Company

Job or Title *(if known)*

Street Address 17235 7th St,

City and County Montverde Lake County

State and Zip Code Florida 34756

Telephone Number 407 469 2561

E-mail Address *(if known)*

Defendant No. 2

Name Kasey Kesserling

Job or Title *(if known)* Head Of School / President

Street Address 17235 7th St

City and County Montverde Lake County

State and Zip Code Florida 34756

Telephone Number 407 469 2561

E-mail Address *(if known)*

Defendant No. 3

Name David Ruth

Job or Title *(if known)* Associate Head Of School

Street Address 17235 7th St

City and County Montverde Lake County

State and Zip Code Florida 34756

Telephone Number 407 . 469 - 25 61

E-mail Address *(if known)*

Defendant No. 4

Name Kevin Bagle

Job or Title *(if known)* Drector of Basketball Program

Street Address 17235 7th St

City and County Montverde Lake County

State and Zip Code Florida (Lake County) 34756

Telephone Number 407 469 - 2561

E-mail Address *(if known)*

Defendant No. 5.

Ben Wisniewski
Head Basketball Coach of Post Graduate Program
17235 7th St
Montverde Lake County
Florida 34756

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

     ☒ Federal question        ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*Montverde Academy (staff) Violated the Civil right act of 1964*

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

    1.    The Plaintiff(s)

        a.    If the plaintiff is an individual

The plaintiff, *(name)* Rian King, Larry Taylor, Lataevyon Taylor , is a citizen of the State of *(name)* Chicago ILLINOIS

        b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

and has its principal place of business in the State of *(name)* _____

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

    2.    The Defendant(s)

        a.    If the defendant is an individual

The defendant, *(name)* Montverde Academy , is a citizen of the State of *(name)* Florida . Or is a citizen of *(foreign nation)* 17235 7th St Montverde Fl 34756

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)* Montverde Academy , is incorporated under

the laws of the State of *(name)* Florida and has its

principal place of business in the State of *(name)* 17235 7th St Montverde FL 34756

Or is incorporated under the laws of *(foreign nation)*

and has its principal place of business in *(name)* Monverde FL. 34756

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain):*

In excess of $75,000 due to tuition paid to Academy, Punitive damages, Breach of Contract and violation of civil rights act of 1964

**III.**    **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On or about Oct 15,2021 Coach Ben Wisniewski jumped on the basketball court getting into Lataevyon's face embarrass and humiliating him in front of College coaches, Media, family and fans after Lataevyon scored a 3 pointer (As video hollering in his face shows) On or about Oct 15-16 2021 Kevin Boyle and Ben Wisniewski threaten to kick Lataevyon Taylor off the team, Lataevyon hurt his finger Montverde Academy negligently disregarded his parents request to take him to receive immediate and proper treatment On or about Nov 4 2021 Lataevyon Taylor was constantly harrassed and pulled out of class distracted from learning on more than 3 occasions. Nov 8, 2021 Lataevyon was singed out and detamed and labeled a freshman through the roster no one else had any labels by their name (As Evidence Shows) On or about Nov 17 Lataevyon was singled out embarrassed and humiliated in front of coaches, media family and fans by Coach Ben. On Nov 19th parents had 3rd meeting about discrimin-tory actions from staff toward Lataevyon the Academy written Lataevyon up, raised his education tuition 12,741 and then wrongfully expelled him. Also marking him present when he

**IV.**    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

_In claims of Punitive, Compensatory and Monetary damages due to breach of contract, retaliatory and discriminatory actions from Monverde Academy_

**V.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    10/25/2022

Signature of Plaintiff    _Rian King, Mary Dayles, Lataevyen Taylor_
Printed Name of Plaintiff    Rian King, Cerry Taylor, Lataevyon Taylor

**B.    For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

[DRAFT]
IN THE CIRCUIT COURT OF THE 5TH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

RIAN KING and LARRY TAYLOR, Lataevyon Taylor          Case No.:

Plaintiff,

v.

MONTVERDE ACADEMY, INC.,
Florida Not For Profit Corporation,

Defendant.

_____/

2022 NOV -7  PM 2:58

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

FILED

## COMPLAINT

Plaintiffs, RIAN KING and LARRY TAYLOR, sues Defendant and states:

### JURISDICTION AND PARTIES

1. This is an action for damages in excess of $75,000.00.

2. Plaintiffs, Rian King and Larry Taylor (the "Plaintiffs") are individuals, over the age of
   eighteen, and are residents of Chicago _____ County, Illinois. *Lataevyon Taylor*

3. Defendant, Montverde Academy, Inc. (hereafter referred to as the "Montverde"), is a
   Florida Not For Profit Corporation which has its principal place of business in Montverde,
   Lake County, Florida.

4. Defendant is, and at all relevant time hereto, a private school, organized and existing under
   the laws of the State of Florida, with its principal place of business located in Lake County,
   Florida.

### FACTS

5. Montverde is a private school where Plaintiffs had enrolled their son, Latae'vyon Taylor
   ("L.T."), as a student for the 2021-2022 school year.

6. Plaintiff's decision to enroll L.T. at Montverde was influenced by, but not limited to, Montverde's representations regarding its post graduate basketball program and studies.

7. On or about August 25, 2021, Plaintiff executed the Continuous Enrollment Contract (the "Contract") with Montverde. A copy of the Contract is attached hereto as Exhibit "A". The tuition for the 2021-2022 post graduate program was $52,925.00, plus an additional $5,750.00 for the post graduate basketball program.

8. At the time of enrollment, Montverde represented that its basketball team was a National Post Graduate team, however, shortly thereafter it was announced that the team was now considered a center for basketball development ("CBD") team.

9. Montverde's representations about its elite athletic training and post graduate basketball program were published in printed materials, on Montverde's website, in student and/or family handbooks and/or campus life printed materials, and/or statements made by Montverde's employee's such as administrators, staff, and managers in person, text message, email, or in writing.

10. L.T. was not given the athletic opportunities promised to the Plaintiffs at the time of entering into the Contract. Specifically, L.T. was not afforded to play basketball on a true post graduate team. L.T. was put into games with non-graduate students, was misrepresented as a freshman player, and did not have the opportunity to play while college recruiters were in attendance at the games – a crucial factor considered prior to entering into the Contract.

11. Plaintiffs were required to pay for post graduate tuition, plus fees for CBD, however, L.T. was not provided the true post graduate experience as represented by Montverde. As of November 2021, Plaintiffs had paid Montverde approximately $50,000.00 for L.T.'s

enrollment.

12. On or about November 19, 2021, Plaintiffs expressed their concerns about L.T. and the CBD via email communications to Coach Kevin Boyle.

13. Thereafter, Dr. Kasey Kesselring, as President of Montverde, engaged in email communication with Plaintiffs in which she stated the Contract was being terminated.

14. As a result of Montverde's actions, Plaintiff has suffered, and will continue to suffer damages, including, but not limited to, monetary damages, damage to L.T.'s education and athletic career, and physical and emotional damages.

15. Plaintiff's retained The Law Office of Nathan Soowal, P.A. to represent them in this matter and will be required to pay the attorney's fees and costs incurred in bringing this action.

16. All conditions precedent to this action have either occurred or will occur.

## COUNT I – BREACH OF CONTRACT

The allegations common to all counts above are hereby incorporated by this reference. Plaintiffs further allege: David Rath, Kasey Kesselring, Kevin Boyle, Ben Winiewski

17. Defendant breached its contract with Plaintiffs. Examples of such breach, include, but are not limited to:

    a.    Failure to follow policies regarding communication with Plaintiffs and L.T.;

    b.    Failure to comply or communicate any disciplinary and dismissal proceedings/decisions;

    c.    Failure to provide the agreed upon post-graduate athletic program;

    d.    Failure to follow policies and regulations as outlined in Defendant's enrollment agreements, student handbooks, athletic policies, and school policies including, but not limited to:

       i.      unprofessional conduct by employees that affect adversely either the student's ability to satisfy expectations, whether in the classroom, an athletic setting or other settings, or the student's actual performance; and,

      ii.     arbitrary dismissal from Monteverde;

     iii.     failing to provide L.T. with necessary accommodations;

     iv.     failing to provide L.T. the opportunity for individual success;

      v.     failing to provide L.T. with a positive and safe environment;

     vi.     failing to provide L.T. the equal opportunity to promote himself;

    vii.     failure to demonstrate fair play and sportsmanship at all times;

   viii.     jeopardizing the eligibility and participation of the student athlete; and,

     ix.     causing discrimination against L.T.

18. As a result of Defendant's breach, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request a trial by jury, judgment for damages against Defendant for compensatory damages, attorney's fees and costs, and such further and other relief as the Court deems just, equitable, and necessary. Plaintiffs reserve the right to amend this complaint to seek punitive damages.

## COUNT II – BREACH OF IMPLIED CONTRACT

The allegations common to all counts above are hereby incorporated by this reference. Plaintiff further alleges:

19.     A valid contract existed between Plaintiffs and Defendant.

20.     Some or all of the contract terms were inferred from the parties' conduct, not written.

21.     Defendant breached its contract with Plaintiffs. Examples of such breach, include, but are not limited to:

a.   Failure to follow policies regarding communication with Plaintiffs and L.T.;

b.   Failure to comply or communicate any disciplinary and dismissal proceedings/decisions;

c.   Failure to provide the agreed upon post-graduate athletic program;

d.   Failure to follow policies and regulations as outlined in Defendant's enrollment agreements, student handbooks, athletic policies, and school policies including, but not limited to:

    i.   unprofessional conduct by employees that affect adversely either the student's ability to satisfy expectations, whether in the classroom, an athletic setting or other settings, or the student's actual performance; and,

    ii.   arbitrary dismissal from Monteverde;

    iii.   failing to provide L.T. with necessary accommodations;

    iv.   failing to provide L.T. the opportunity for individual success;

    v.   failing to provide L.T. with a positive and safe environment;

    vi.   failing to provide L.T. the equal opportunity to promote himself;

    vii.   failure to demonstrate fair play and sportsmanship at all times;

    viii.   jeopardizing the eligibility and participation of the student athlete; and,

    ix.   causing discrimination against L.T.

22.   As a result of Defendant's breach, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs requests a trial by jury, judgment for damages against Defendant for compensatory damages, attorney's fees and costs, and such further and other relief as the Court deems just, equitable, and necessary. Plaintiff reserves the right to amend this complaint to seek punitive damages.

## COUNT III - UNJUST ENRICHMENT

The allegations common to all counts above are hereby incorporated by this reference. Plaintiffs further alleges:

23.     Plaintiffs conferred benefits on Defendant, who had knowledge thereof. These benefits included, but were not limited to, paying tuition for academic and athletic programs.

24.     Defendant voluntarily accepted and retained the benefit conferred.

25.     The circumstances render Defendant's retention of the benefit inequitable unless it pays to the Plaintiffs the value of the benefit.

WHEREFORE, Plaintiff requests a trial by jury, judgment for damages against Defendant for compensatory damages, attorney's fees and costs, and such further and other relief as the Court deems just, equitable, and necessary. Plaintiffs reserve the right to amend this complaint to seek punitive damages.

## COUNT IV – NEGLIGENCE

The allegations common to all counts above are hereby incorporated by this reference. Plaintiffs further allege:

26.     The elements of a negligence claim in Florida are: Defendant owed a duty to Plaintiff to protect the Plaintiff from a particular injury or damage; Defendant breached this duty; Defendant's breach was the proximate cause of injury or damage to Plaintiff; and Plaintiff suffered damages caused by the breach. *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216 (Fla. 2010); *Kenz v. Miami-Dade County & Unicco Serv. Co.*, 116 So. 3d 461, 464 (Fla. 3d DCA 2013).

27.     Defendant owed a duty to Plaintiffs to protect L.T. from a particular injury or damage. This included, but was not limited to, assuring that Defendant abided by its own policies and procedures, which were designed to protect student athletes such as L.T. from harm.

28.     Defendant breached this duty by failing to adhere to all enrollment agreements, student handbooks, athletic policies, school policies, and including all student disciplinary procedures.

29.     Defendant's breach was the proximate cause of injury or damage to Plaintiffs and as a result, Plaintiffs have suffered damages.

30.     Defendant is responsible for the actions of its agents and/or employees.

WHEREFORE, Plaintiff requests a trial by jury, judgment for damages against Defendant for compensatory damages, attorney's fees and costs, and such further and other relief as the Court deems just, equitable, and necessary. Plaintiffs reserve the right to amend this complaint to seek punitive damages.

## COUNT V – INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE

The allegations common to all counts above are hereby incorporated by this reference. Plaintiffs further allege:

31.     By its acts and omissions, Defendant intentionally caused damage to Plaintiffs.

32.     Defendant's actions further intentionally and negligently were the proximate cause of injury to L.T.'s reputation, academic standing, athletic standing, future college admissions, scholarships, and employment opportunities.

33.     Defendant is responsible for the actions of its agents and/or employees.

34.     As a result of the above acts, Plaintiffs have, and will continue to suffer, damages.

WHEREFORE, Plaintiffs request a trial by jury, judgment for damages against Defendant for compensatory damages, attorney's fees and costs, and such further and other relief as the Court deems just, equitable, and necessary. Plaintiffs reserve the right to amend this complaint to seek punitive damages.

## COUNT VI - NEGLIGENT HIRING, TRAINING, RETENTION and SUPERVISION

The allegations common to all counts above are hereby incorporated by this reference. Plaintiffs

further allege:

35.     The elements of negligent hiring, training, retention and supervision are: The Defendant

employer becomes aware, or should have become aware, of problems with an employee that

indicates his unfitness; The Defendant employer owes a duty to Plaintiffs to protect the Plaintiff

from a particular injury or damage; The Defendant employer breaches its duty by failing to take

further action, such as investigation, discharge, or reassignment; Defendant's breach was the

proximate cause of injury or damage to Plaintiff; and Plaintiff suffered damages as a result of the

breach. See, *Bennett v. Godfather's Pizza, Inc.*, 570 So. 2d 1351, 1353 (Fla. 3d DCA 1990)

36.     Defendant employed agents, employees, staff, administrators, representatives, servants,

and other personnel including, but not limited to, Kevin Boyle and Ben Wisniewski, David Rath

37.     Defendant exercised control over the procedures that its agents, employees, staff,

administrators, representatives, servants, and other personnel performed.

38.     Defendant also determined the qualifications, and lack thereof, of its agents, employees,

staff, administrators, representatives, servants, and other personnel.

39.     Defendant negligently hired, trained, supervised and/or retained its agents, employees,

staff, administrators, representatives, servants, and other personnel, including, but not limited to,

Kevin Boyle and Ben Wisniewski, David Rath and Kasey Kesselring

40.     These dealings included, but were not limited to, failing to provide equal opportunity and failure to adhere to all enrollment agreements, student handbooks, athletic policies, and school policies.

41.     These and other actions constitute a breach of duty proximately causing injury to Plaintiffs and as a result, Plaintiffs have suffered damages.

42.     As a result of the above acts, Plaintiffs have, and will continue to suffer, damages.

        WHEREFORE, Plaintiffs request a trial by jury, judgment for damages against Defendant for compensatory damages, attorney's fees and costs, and such further and other relief as the Court deems just, equitable, and necessary. Plaintiffs reserve the right to amend this complaint to seek punitive damages.

**COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The allegations common to all counts above are hereby incorporated by this reference. Plaintiffs further allege:

43.     The elements of intentional infliction of emotional distress include: Defendant's conduct was intentional or reckless; Defendant's conduct was outrageous; Defendant's conduct caused emotional distress; and Plaintiff suffered severe emotional distress.

44.     In this case, Defendants' conduct was intentional and/or reckless and/or outrageous. Such conduct included, but was not limited to:

- Creating a harassing environment for Plaintiff;

- Creating a bullying environment for Plaintiff;

- Failing to provide accommodations to Plaintiff;

- Discriminating against Plaintiff;

- Failing to provide a positive experience for Plaintiff;

- Publicly embarrassing, humiliating and emotionally abusing L.T.;

- Isolating Plaintiff;

- Dismissing Plaintiff.

45.     Defendant is responsible for the actions of its agents and/or employees and is therefore vicariously liable for their actions.

46.     Defendant's conduct caused emotional distress and as a result, Plaintiffs suffered severe emotional distress.

47.     As a result of the above acts, Plaintiffs have, and will continue to suffer, damages.

WHEREFORE, Plaintiff requests a trial by jury, judgment for damages against Defendant for compensatory damages, attorney's fees and costs, and such further and other relief as the Court deems just, equitable, and necessary. Plaintiffs reserves the right to amend this complaint to seek punitive damages.

**COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

The allegations common to all counts above are hereby incorporated by this reference. Plaintiffs further alleges:

48.     The conduct of the Defendant was unreasonable and negligent and caused Plaintiffs to suffer severe emotional distress as a result of her constant fear and apprehension that Defendant was capable of acting in reckless and unreasonable manners.

49.     Defendant is responsible for the actions of its agents and/or employees and is therefore vicariously liable for personnel including, but not limited to, Kevin Boyle and Ben Wisniewski, David Ruth, and Kasey Kesselring

50.     As a result of these actions, Plaintiffs suffered severe emotional distress. The losses are

either permanent or continuing in nature and Plaintiffs will suffer the losses in the future.

51.       As a result of the above acts, Plaintiffs have, and will continue to suffer, damages.

WHEREFORE, Plaintiffs request a trial by jury, judgment for damages against Defendant for compensatory damages, attorney's fees and costs, and such further and other relief as the Court deems just, equitable, and necessary. Plaintiffs reserve the right to amend this complaint to seek punitive damages.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial of all matters so triable as a matter of right.

DATED: March __, 2022

Larry Taylor, Latae'vyon Taylor and Rian King
Email: rian K23@ yahoo.com
        larryta26@yahoo.com
Phone  713 727-1324
        713 571-3871
5014 S Praire, Chicago IL. 60615
By: 16 S. Prairie, Chicago IL. 60615