UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LARRY TAYLOR, RIAN KING and
LATAEVYON TAYLOR,**

    **Plaintiffs,**

v.                                                                            Case No: 5:22-cv-544-GAP-PRL

**MONTVERDE ACADEMY (ATHENS
INSURANCE COMPANY), KASEY
KESSELRING, DAVID RATH, KEVIN
BOYLE and BEN WISNIEWSKI,**

    **Defendants.**

## Order

Plaintiffs, Larry Taylor, Rian King, and Lataevyon Taylor, who are proceeding pro se, filed a complaint against Defendant Monteverde Academy, a private day and boarding school in Lake County, and various individual defendants. (Doc. 1). Plaintiffs seek to proceed in forma pauperis. (Doc. 2). For the reasons explained below, the motion to proceed in forma pauperis will be taken under advisement and Plaintiffs will be given an opportunity to amend the complaint.

    **I.**    **Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is

immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

**II.    Discussion**

Plaintiffs' complaint (Doc. 1) consists of sixteen pages and two documents. The first part of the complaint is the standard pro se form complaint for a civil case. (Doc. 1 at 1-5). As explained in the handwritten narrative, Plaintiffs' claims arise from Lataevyon's attendance at Defendant Monteverde Academy and his participation in the basketball program. Plaintiffs describe an incident wherein a coach allegedly embarrassed and humiliated Lataevyon on the basketball court, ignored his finger injury, and wrongfully expelled him, among other allegations. (Doc. 1 at 4). This portion of the complaint purports to assert claims for breach of contract and violation of civil rights, and names Monteverde Academy as well as numerous individuals as defendants.

The second portion of the complaint consists of a typewritten "draft" document alleging the following claims: (1) breach of contract; (2) breach of implied contract, (3) unjust enrichment; (4) negligence; (5) intentional interference with economic advantage; (6)

negligent hiring, training, retention, and supervision; (7) intentional infliction of emotional distress; and (8) negligent infliction of emotional distress. (Doc. 1 at 6-16). This portion of the complaint only names Monteverde Academy as a defendant, however the breach of contract claim in Count I includes a handwritten reference to the individual defendants.

Based on this portion of the complaint, it appears that Plaintiffs' claims arise out of the alleged breach of express and implied tuition and enrollment contracts between Plaintiffs and Monteverde Academy, including agreements regarding Lataevyon's opportunities to participate in the school's basketball program. Plaintiffs allege that their decision to enroll Lataevyon at Monteverde Academy was influenced by Monteverde's representations about its post graduate basketball program, but after his enrollment it was announced that the team was considered a "center for development" team. (Doc. 1 at 7). Plaintiffs allege that Lataevyon was not given the athletic opportunities promised at the time they entered the enrollment contract, and that he did not have the opportunity to play while college recruiters were in attendance at games. (Doc. 1 at 7). Plaintiffs allege they paid post graduate tuition, but that their son was not provided a true post graduate experience. Plaintiffs expressed their concerns via email to Coach Kevin Boyle, and were later told via email by the school's president that the enrollment contract was being terminated. (Doc. 1 at 8).

As explained below, there are numerous deficiencies in Plaintiffs' complaint.

### A.     Affidavits of Indigency

As an initial matter, the Court notes that the complaint is filed on behalf Rian King, Larry Taylor, and Lataevyon Taylor. In support of the motion to proceed in forma pauperis, Plaintiffs have submitted only one affidavit of indigency signed by Rian King. The Court further notes that Larry Taylor is not listed as Rian King's dependent on that form, although

two sons are listed as dependents. Those sons include Lataevyon, who is identified as being 17 years of age. (Doc. 2 at 3). Larry Taylor, however, is identified in the complaint as having the same address as Rian King and Lataevyon Taylor. (Doc. 1 at 1).

Section 1915(a)(1) allows a court to authorize the commencement of a suit without payment of fees "by a person who submits an affidavit that includes a statement of all assets. . . ." Here, Lataevyon has been identified as the minor son of Rian King, therefore the undersigned finds her affidavit of indigency sufficient to the extent that she brings the suit on her son's behalf. Plaintiffs' motion to proceed in forma pauperis, however, is deficient to the extent that it fails to include an affidavit signed by Larry Taylor. Accordingly, Larry Taylor will be directed to provide an affidavit of indigency.

### B.     Jurisdiction

Jurisdiction is an additional threshold matter. Plaintiffs have alleged that they are residents of Illinois, that Monteverde Academy is a Florida non-profit corporation, and that all the individual defendants are residents of Florida. As a basis for jurisdiction, Title 28, section 1332 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [c]itizens of different States[.]" 28 U.S.C. § 1332(a)(1). Generally, to satisfy the amount in controversy requirement for diversity jurisdiction, a plaintiff must establish that a good faith estimated value of his or her claim against a defendant exceeds the statutorily required amount. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir.2003). Here, the handwritten portion of the complaint alleges in a conclusory manner that the amount in controversy is "in excess of $75,000 due to tuition paid to Academy, punitive damages." Plaintiffs also reference "Breach

of Contract and violation of [C]ivil [R]ights [A]ct of 1964." (Doc. 1 at 4). In the typewritten portion of the complaint, Plaintiffs allege that the tuition for the 2021-2022 post graduate program was $52,925 plus an additional $5,750 for the post graduate basketball program, and that they paid $50,000 for enrollment as of November 2021. (Doc. 1 at 7-8).

A plaintiff's good faith belief that a claim meets the amount-in-controversy is insufficient when faced with objections based on evidence submitted by the parties, and the court is therefore left to speculate as to how the amount-in-controversy could be met. *See Malekmarzban v. Levine*, 2014 WL 1600576 (S.D.Fla. Apr.21, 2014) (plaintiff failed to carry burden to satisfy amount-in-controversy requirement based on good faith belief alone); *Bradley v. Kelly Services, Inc.*, 224 Fed. App'x 893, 894–95 (11th Cir.2007) (affirming dismissal of complaint, noting the employee's speculation that her claims exceeded $75,000 did not satisfy burden of proving by a preponderance of the evidence that claims exceeded such an amount for purposes of subject matter jurisdiction).

Here, it appears that Plaintiffs' claims do not meet the amount in controversy requirement. Indeed, Plaintiffs' specific factual allegations contradict their conclusory allegation that the amount in controversy exceeds $75,000. A copy of the enrollment contract is not attached, and Plaintiffs allege the 2021-2022 tuition was $52,925 plus $5,750 for the post graduate basketball program ($58,675 total). Although that is the alleged amount of tuition, Plaintiffs do not allege they paid that full amount. The only other specific allegations regarding damages are that, as of November 2021, Plaintiffs had paid Montverde "approximately $50,000 for L.T.'s enrollment." (Doc. 1 at 7-8). Further, although Plaintiffs allege that they are entitled to attorney's fees and costs, they are not represented by counsel and are proceeding pro se. In other words, based on Plaintiff's specific factual allegations, it

appears that the amount in controversy is only approximately $50,000, the amount Plaintiffs allege they paid in tuition.

As explained further below, Plaintiffs have also failed to state a federal question claim for civil rights violations, and it therefore appears that there is no proper basis for this Court's jurisdiction. In an abundance of caution, however, Plaintiffs will be granted leave to amend. *See Dibble v. Avrich*, No. 14-CIV-61264, 2014 WL 5305468, at *6 (S.D. Fla. Oct. 15, 2014) (granting leave to amend the complaint to properly state and support the amount in controversy).

### C. The Federal Rules of Civil Procedure

Beyond those observations, the Court notes additional flaws with the complaint. Plaintiffs' complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiffs' complaint does not contain a short and plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiffs are proceeding *pro se*, they are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, the handwritten and typewritten portions of the complaint are inconsistent. In the handwritten complaint, Plaintiffs name numerous individuals as defendants (including, for example, coaches and individual directors and administrators of the Monteverde Academy). In the typewritten complaint, Plaintiffs only name Monteverde Academy as the defendant, although some claims include additional handwritten references to individual defendants. Simply put, it is unclear which claims Plaintiffs are bringing and as to which defendants. Further, as to the individual defendants, Plaintiffs' complaint not only fails to

clearly identify which defendants are being sued as to each claim, but it also fails to contain any specific allegations of fact that would support the various claims against the various individual defendants.

As to the claims for discrimination pursuant to the Civil Rights Act of 1964, Plaintiffs have not stated any such claim upon which relief may be granted. The factual statement of claim (Doc. 1 at 4) amounts to a recitation of a variety of grievances, including references to an incident wherein Lataevyon was allegedly humiliated by a coach after scoring a three-pointer during a game. Plaintiffs further allege that Lataevyon was harassed, embarrassed, and singled out in front of college coaches and fans, that he was pulled out of class on more than three occasions, that he was "written up," that his educational tuition was raised, and that he was wrongfully expelled. (Doc. 1 at 4). In a conclusory manner, Plaintiffs reference "discriminatory actions from staff toward Lataevyon." (Doc. 1 at 4). Simply put, these allegations are insufficient to state a claim under the Civil Rights Act of 1964.

Out of an abundance of caution, the Court will provide Plaintiffs with an opportunity to file an amended complaint to clarify the bases for their claims. Plaintiffs must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiffs seek relief and explain with factual allegations how defendant(s) are responsible. Plaintiffs should carefully consider whether they can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III. Conclusion

Accordingly, Plaintiff Rian King's motion to proceed in forma pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**. On or before **January 13, 2023**, Larry Taylor is

directed to file an affidavit of indigency in support of his motion to proceed in forma pauperis. Plaintiffs shall have until **January 13, 2023,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiffs are cautioned that despite proceeding *pro se*, they are required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiffs may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiffs should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on December 13, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties